# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**WEST VIRGINIA UNITED HEALTH SYSTEMS, INC.,**
**Employer Below, Petitioner**

**vs.)   No. 19-0177** (BOR Appeal No. 2053360)
(Claim No. 2017027225)

**ASHLEY DOYLER,**
**Claimant Below, Respondent**

**FILED**

February 13, 2020

**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner West Virginia United Health Systems, Inc., by Counsel James W. Heslep, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Ashley Doyler, by Counsel Reginald D. Henry, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on May 25, 2017. The Office of Judges reversed the decision in its September 6, 2018, Order and held the claim compensable for right hip contusion and right hip sprain. The Order was affirmed by the Board of Review on January 25, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Doyler, a respiratory therapist, was injured on May 5, 2017. The employer's First Report of Injury was completed that day and indicates Ms. Doyler injured her right hip, ankle, and elbow when she slipped on food in the cafeteria and fell. The Employee's and Physician's Report of Injury was completed on May 8, 2017, and indicates Ms. Doyler injured her right hip and back when she slipped and fell. The physician's section was completed by Lee Goozdich, D.C. Ms. Doyler treated with Dr. Goozdich several times in May of 2017 for lower back and right hip pain. Dr. Goozdich performed chiropractic manipulation, but Ms. Doyler saw little improvement.

1

In a May 15, 2017, treatment note, Robert Gerbo, M.D., noted that Ms. Doyler had a bruise on her right hip. She had tenderness in the hip and limited range of motion. Dr. Gerbo stated that he expected her to be further along in her recovery. Since her symptoms were not improving, he recommended an MRI. He noted that an x-ray showed mild degenerative arthrosis in both hips, which was suggestive of acetabular retroversion. He diagnosed right hip contusion and right hip strain. On May 24, 2017, Ms. Doyler had made little progress. She still had pain in her right hip and had developed pain in her groin as well. She also reported occasional tingling in her right thigh. Dr. Gerbo prescribed a TENS unit.

Ms. Doyler stated in a May 25, 2017, recorded statement that at the time of her injury she was getting lunch in the cafeteria. She stated that she was not paid during her lunch breaks, and she did not clock in or out for lunch. The claims administrator rejected the claim on May 25, 2017.

In a June 2, 2017, treatment note, Dr. Gerbo noted that Ms. Doyler reported her pain had improved. However, she still had some tenderness in the right hip and mildly decreased range of motion. Dr. Gerbo again recommended a right hip MRI. Ms. Doyler returned to Dr. Goozdich on June 6, 2017, and reported that she was making steady improvement. She was scheduled to return to work the following day.

Ms. Doyler stated in a June 9, 2017, letter, that she is given thirty minutes for lunch per day. She is not paid for her lunch time; however, she is required to carry a phone and pager during that time and can be called away from lunch at any moment. At the time she was injured, Ms. Doyler stated that she was carrying a phone and pager. She noted that she is not allowed to leave the premises for lunch.

In a June 9, 2017, treatment note, Dr. Gerbo noted that Ms. Doyler reported that her right hip had begun to feel like it was going to lock or pop during her work day. She had mildly decreased range of motion in the right hip. Dr. Gerbo again diagnosed right hip contusion and sprain. On July 3, 2017, Ms. Doyler reported increased hip pain while she was on vacation. An MRI was performed on June 23, 2017, and Dr. Gerbo interpreted the findings as showing mild degenerative arthrosis, a tear of the post-superior acetabular labrum, and possible acetabular retroversion. Dr. Gerbo diagnosed right hip sprain, contusion, and femoroacetabular impingement. He recommended physical therapy.

On July 12, 2017, Ms. Doyler began treating with Matthew Dietz, M.D. She reported that her right hip was locking, catching, clicking, and popping. She also had right hip weakness, and a feeling as if it would give way. Dr. Dietz reviewed the MRI and stated that it showed a CAM lesion on the anterior neck of the right femur. He found that the labrum showed a little fraying. Dr. Dietz diagnosed right hip pain likely due to femoral acetabular impingement. On October 2, 2017, Dr. Dietz noted that Ms. Doyler was unable to get physical therapy for financial reasons. An x-ray showed significant CAM lesions on the femoral neck on both sides. Dr. Dietz referred her for a possible right hip arthroscopy.

Derik Geist, M.D., performed a right hip evaluation on November 10, 2017. Ms. Doyler reported that her pain had improved but she still had discomfort. Dr. Geist read the right hip MRI

as showing a small CAM lesion with no labral tear or chondromalacia. He opined that the right hip pain was not originating from the right hip joint. Instead, Ms. Doyler had musculature and neuropathic sources of her pain. Dr. Geist recommended physical therapy and medication for neuropathic pain. His diagnoses were unspecified psoas tendonitis and right hip/thigh contusions. On December 8, 2017, Dr. Geist noted that two weeks after a steroid injection in the right hip, Ms. Doyler had significant improvement. Dr. Geist again opined that her pain was not emanating from the right hip joint. Instead, he believed she had pelvic muscle imbalance and psoas issues. He recommended focused physical therapy. On January 19, 2018, Ms. Doyler reported that she was having difficulty using stairs and was experiencing a snapping sensation in her right leg. She was in physical therapy. Dr. Geist believed the pain was due to psoas tendonitis.

Ms. Doyler testified in a deposition on May 21, 2018, that at the time she was injured, she was on her unpaid lunch break. However, she was required to carry her pager and phone during that time and could have been called away at any moment. Further, Ms. Doyle stated that she was not permitted to leave the campus during her lunch period and even running out to her car required obtaining permission from a supervisor. Ms. Doyler testified that when she fell, she hit the ground very hard. She was absent from work for four weeks and then return to full time duty on June 7, 2017. Ms. Doyler stated that she still experiences intermittent right hip, groin, buttocks, and low back symptoms.

The Office of Judges reversed the claims administrator's rejection of the claim and held the claim compensable for right hip contusion and right hip sprain in its September 6, 2018, Order. It found that Ms. Doyler was within her zone of employment and under the control of the employer at the time of her injury. Though she was on an unpaid lunch break at the time of the injury, she was on the employer's premises, was not allowed to leave the property, and could be called back to work at any time. The Office of Judges found that the medical evidence indicates Ms. Doyler fell on her right hip and sustained a right hip contusion and sprain. The Office of Judges found that treatment notes by Dr. Dietz and Dr. Geist indicate she has femoral acetabular impingement or psoas tendonitis. The Office of Judges determined that it is unclear whether Ms. Doyler actually has the conditions, and furthermore, the medical records do not state whether the conditions are the result of the compensable injury. Therefore, the Office of Judges concluded that the claim should be held compensable for right hip contusion and right hip sprain. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 25, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1, employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Compensation Commissioner*, 153 W.Va. 796, 172 S.E.2d 698 (1970). Though Ms. Doyler was on an unpaid lunch break when she was injured, she was on the employer's premises, was not permitted to leave, and was required to return to work at any given time if needed. As she was clearly still within her zone of employment, the claim was properly held compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 13, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison